UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DAVID FERN HAWLEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-221 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| TRUDY K. CLINE and ) | |
| CORRECTIONS MEDICAL SERVICES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff is incarcerated in the Florence Crane Correctional Facility. In his *pro se* Complaint, he sues Information Manager Trudy K. Cline and Correctional Medical Services ("CMS"). Plaintiff claims that he made proper requests for his medical records and medical file for the years 2001-2005, but Cline has not provided those records to him. He claims that Cline and her employer, CMS, have violated the Michigan Freedom of Information Act and Michigan Department of Corrections ("MDOC") policies requiring prisoner access to health records. He also alleges that because he never received his medical records, Cline and CMS have hindered him "from being able to submit [his] claim to the courts"; and Defendants are responsible for his "inability to state [his] case."

II.   Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Plaintiff states that he filed a grievance and pursued it through Step III of the prison grievance process. Therefore, it appears that Plaintiff satisfied the exhaustion requirement. Even if Plaintiff failed to properly exhaust, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Prisoners must be provided with a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825. An indigent prisoner's constitutional right to access the courts is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

To the extent that Plaintiff is arguing that the failure to provide him with his medical records violated his right of access to the courts, his claim is without merit. Plaintiff has not alleged how he was prejudiced as a result of that deprivation. *See Pilgrim,* 92 F.3d at 416. Nor has Plaintiff shown that he suffered any actual injury. *See Id.* In fact, Plaintiff does not in any way describe either a contemplated or pending claim. *See Id.* Rather, he merely makes vague references to a "claim to the courts" and an unspecific "case."

The Court notes that Plaintiff is also the plaintiff in *Hawley v. Gelabert et al.*, Case No. 1:06-cv-209 (W.D. Mich Mar. 27, 2006). However, Plaintiff is not clear whether it is in that particular suit that he has been prejudiced or injured. Even if Plaintiff had argued that he has been prejudiced in that suit by the failure to provide him with his medical records, that claim would be

without merit. There has been no action in that suit adverse to Plaintiff or his claims. He has therefore suffered no "actual injury" in that suit.

Additionally, § 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff claims Cline and CMS violated the Michigan Freedom of Information Act as adopted by the MDOC, but the Act does not apply to prisoners. MDOC Policy Directive 01.06.110(I) (effective 5/15/00). Furthermore, to the extent that Plaintiff alleges Defendants violated the MDOC policy requiring prisoners' medical records to be provided to them, this is a state claim, not one that is colorable under § 1983. *See West*, 487 U.S. at 48.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

- 5 -

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 8, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |